<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

File Name: 13a0147n.06

**No. 11-3898**

| | |
|---|---|
| **UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT** | **FILED**<br>**Feb 12, 2013**<br>DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,

      **Plaintiff-Appellee,**

v.

SHAWN FEARS,

      **Defendant-Appellant.**

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

_____ /

**BEFORE:**    **CLAY, COOK, and ROTH,**[*] **Circuit Judges.**

     **CLAY, Circuit Judge.** Defendant Shawn Fears was indicted along with twenty-four others in a fifty-nine count indictment for crimes arising out of a conspiracy to distribute crack cocaine. After pleading guilty to conspiracy to possess with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846, the district court sentenced Defendant to 120 months' imprisonment on the conspiracy count and 32 months' imprisonment for violating the terms of his supervised release to run consecutively. Defendant appeals his sentence claiming that it was procedurally unreasonable. For the reasons that follow, we **AFFIRM** Defendant's sentence.

---

   [*]The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

## BACKGROUND

In 1992, Defendant Shawn Fears pleaded guilty to a federal cocaine distribution offense. For that crime, Fears was sentenced to 240 months' imprisonment followed by ten years of supervised release. He was released from prison in 2008 and began his ten-year term of supervised release.

On March 2, 2011, a federal grand jury for the Northern District of Ohio indicted Defendant, charging him with one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine and/or fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846; one count of conspiracy to possess with the intent to distribute and conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846; one count of attempted possession with the intent to distribute five hundred grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846; and thirteen counts of use of a communication facility to facilitate a drug trafficking offense, in violation of 21 U.S.C. § 843(b). Defendant pleaded guilty to conspiracy to possess with the intent to distribute cocaine. The district court sentenced Defendant to 120 months' imprisonment for the conspiracy count and 32 months' imprisonment for violating the terms of his supervised release with the two sentences to run consecutively to one another.

## STANDARD OF REVIEW

We generally review sentences for "reasonableness under an abuse of discretion standard," evaluating both the procedural and substantive reasonableness of the sentence. *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009). In doing so, we review the district court's legal conclusions *de novo* and its findings of fact for clear error. *Id*. However, where, as here, a defendant

fails to object to his sentence, review is limited to plain error. *United States v. Herrera-Zuniga*, 571 F.3d 568, 589 (6th Cir. 2009); *see also* Fed. R. Crim. P. 52(b). Plain error requires that the defendant show (1) error, (2) that is clear or obvious, and (3) that affects his "substantial rights"; (4) if those elements are satisfied, this Court may exercise its discretion to remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

## DISCUSSION

Defendant argues that the district court was procedurally unreasonable in sentencing him for two reasons. First, he claims that the district court erred in sentencing him to consecutive terms of imprisonment because the district court treated the policy statement in United States Sentencing Guidelines Manual section 7B1.3(f) as mandatory. Second, he claims that the district court failed to adequately justify the consecutive sentences.

**1. U.S.S.G. § 7B1.3(f)**

Section 7B1.3(f) contains the policy statement that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." U.S.S.G. § 7B1.3(f). Though this statement reads as mandatory, as with the rest of the Guidelines, it "is not binding on the district court, and construing it to be mandatory would be reversible error." *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011); *see also Herrera-Zuniga*, 571 F.3d at 581 ("After *United States v. Booker*, 543 U.S. 220 (2005), the sentencing Guidelines are 'advisory' only."). In Defendant's case, however, the district court did not construe § 7B1.3(f) as mandatory.

Defendant attempts to cherry-pick a few statements by the district court to support his claim.

Defendant first points to the district court's statement that Defendant's guilty plea would "expose[

him] to additional prison time" for violation of supervised release.  Far from showing that the district

court believed that any supervised-release sentence had to be run consecutive, this statement was

intended to inform Defendant of the fact that by pleading guilty to the conspiracy charge, he would

also be violating the terms of his prior case's supervised release.

Defendant next points to this exchange between the prosecutor and the district court.

PROSECUTOR:  [Defendant] is in violation of his supervised release, and although I don't recall getting the official - - if an official notification violation came out.  I think he's exposed to about a year and a half to two years, I think, as a result of that violation.  I certainly defer to the expert here, and I believe that that has to be consecutive, if I recall correctly.

THE COURT:  Correct.  It looks like his range right now is 27 to 33 [months' imprisonment].

Defendant contends that this shows that the district court agreed with the prosecutor that the

sentences had to be consecutive.  Contrary to Defendant's contention, however, the district court was

not agreeing with that aspect of the statement.  The district was instead correcting the prosecutor that

the supervised-release violation exposed Defendant not to "about a year and a half to two years" but

rather to "27 to 33" months.

Our conclusion that the district court did not treat U.S.S.G. § 7B1.3(f) as mandatory is further

bolstered when the entirety of the sentencing hearing is considered.  At various times, the district

court discusses the advisory nature of the Guidelines and its discretion in determining the appropriate

sentence. Therefore, we do not find that the district court treated Guidelines section 7B1.3(f) as mandatory in sentencing Defendant.

## 2. Justification for Consecutive Sentences

Defendant next argues that his sentence was procedurally unreasonable because the district court failed to adequately justify the consecutive sentences. In *Rita v. United States*, 551 U.S. 338 (2007), the Supreme Court mandated that a sentencing judge "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 356. We have recently elaborated on what a district court must do in the context of consecutive sentences.

In order to ensure the ability for "meaningful appellate review," we held in *United States v. Cochrane*, 702 F.3d 334 (6th Cir. 2012), that "a district court must indicate on the record its rationale [for imposing consecutive sentences], either expressly or by reference to a discussion of relevant considerations contained elsewhere." *Id.* at 346. Specifically, we stated, "What the district court may not do is say nothing at all" with respect to the consecutive nature of the sentences, *id.*, which is what the district court did here. Although the district court listed the § 3553(a) factors and discussed each aspect of the presentence report, there is nothing tying these discussions to the consecutive nature of the sentence imposed, rather than to the rationale for the length of the conspiracy sentence. Therefore, we conclude that the district court committed *Cochrane* error in failing to "make 'generally clear the rationale under which it has imposed the consecutive sentence.'" *Cochrane*, 702 F.3d at 346 (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)).

Having concluded that the district court erred, we next turn to the three additional prongs of plain error review that Defendant must prove in order to warrant reversal. First is the question of whether the error was clear or obvious. Although *Cochrane* came down after the district court imposed its sentence on Defendant, we have held that for the purposes of plain error review the error must be "plain under current law," which is "the law that exists at the time of review." *United States v. Crosgrove*, 637 F.3d 646, 656–57 (6th Cir. 2011). Therefore, because the district court's explanation was clearly insufficient under *Cochrane*, Defendant has met the second prong of plain error review. He has, however, failed to make any argument with respect to the prejudice he suffered as a result of this error, which he is required to do under the third prong of plain error. *See United States v. Olano*, 507 U.S. 725, 734 (1993) ("It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice."). Where, as here, Defendant received the sentence that the Guidelines advised that he should receive (i.e., a consecutive one), *see* U.S.S.G. § 7B1.3(f), we are not persuaded that he was prejudiced by this error and will not exercise our discretion under plain error review to remand this case for re-sentencing. *See Puckett*, 556 U.S. at 135.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** Defendant's sentence.