NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0287n.06

No. 13-3825

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Apr 16, 2014

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| LIONEL D. RUTHERFORD, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: COLE and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

PER CURIAM. Lionel Rutherford challenges the district court's imposition of a consecutive sentence as procedurally unreasonable. We affirm.

In a written plea agreement, Rutherford pled guilty to three counts of bank fraud in violation of 18 U.S.C. § 1344. He committed these offenses while on release pending his sentencing and self-surrender to the Bureau of Prisons following a guilty plea in a separate federal bank-fraud case. The district court sentenced Rutherford to 40 months in prison, and the court ordered that this sentence run consecutively to the 43-month sentence imposed in the other case. On appeal, Rutherford contends that the district court failed to provide a clear rationale for imposing a consecutive sentence, making his sentence procedurally unreasonable.

---

[*] The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

In reviewing a sentence for procedural reasonableness, we must ensure that the district court "adequately articulated its reasoning for imposing the particular sentence chosen." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Because Rutherford failed to object to the adequacy of the district court's explanation for his sentence, we will second-guess the court only if it plainly erred. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc).

We find no error, plain or otherwise. A district court need not give a "specific reason" for a consecutive sentence, *United States v. Johnson*, 640 F.3d 195, 208–09 (6th Cir. 2011), so long as it "makes *generally clear* the rationale under which it has imposed the *consecutive* sentence," *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998) (emphasis added). The district court's explanation meets this mark. The court noted that it "ha[d] full discretion" to impose a concurrent or consecutive sentence, R. 159 at 7, it reviewed Rutherford's lengthy criminal history and the nature of his crimes, and it only then concluded:

> So, it appears to me as if every time you have been on probation, every time you have been on supervised release or on bond, you just continue to commit offense after offense after offense, and they all seem to be of that theft variety. So clearly, you are not fearful of consequences of appearing for court.
>
> *Therefore*, it is the judgment of this court that you be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 40 months on each count, to be served concurrently. However, consecutive to the time you are presently serving.

*Id.* at 19 (emphasis added). From context, it is clear that "[t]he district court's determination of the length of [Rutherford's] sentence and [her] decision to impose the sentence consecutively to the undischarged [federal] sentence were intertwined." *Johnson*, 640 F.3d at 208. Rutherford, in

other words, was a serial recidivist, and the court considered a lengthy, consecutive sentence the best way "to satisfy the purposes of sentencing." R. 159 at 21.

*United States v. Cochrane* does not change our analysis. In that case, we reaffirmed our prior decisions in *Johnson*, *Owens* and the like, finding that a district court may explain its consecutive-sentence rationale in any number of ways—but "[w]hat [it] may not do is say nothing at all." 702 F.3d 334, 346 (6th Cir. 2012). But *Cochrane* is not this case. For one thing, *Cochrane* involved abuse-of-discretion review, not the more difficult (for Rutherford) plain-error standard. For another, the district court in that case failed to consider any of the sentencing factors in 18 U.S.C. § 3553(a) when imposing its consecutive sentence: not the defendant's background, not his criminal history, not the nature of his offense. *Id.* at 346–47. Here, by contrast, the court discussed exactly those factors—and more. It described Rutherford's long list of crimes and the nature of those crimes, *see* 18 U.S.C. § 3553(a)(1), it discussed the need to deter Rutherford from future misconduct, *see id.* § 3553(a)(2), it acknowledged its ability to run Rutherford's sentences concurrently or consecutively, *see id.* § 3553(a)(3), and it referenced the Sentencing Guidelines policy statement that supported a consecutive sentence in Rutherford's case, *see id.* 3553(a)(5). This is far from saying "nothing."

Rutherford adds that the district court should have emphasized several other factors raised by counsel at his sentencing hearing, including his "family life and obligations" and "potential disparities between the district court's consecutive sentence and other defendants." App. Br. at 18. But sentencing courts are allowed to emphasize certain factors and downplay others. *See United States v. Bridgewater*, 479 F.3d 439, 442 (6th Cir. 2007). And "a district court does not commit reversible error simply by attaching great weight to a single factor."

*United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012) (internal quotation marks and alterations omitted). "Where—as here—a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one." *Id.* (internal quotation marks omitted). Rutherford has not met this burden.

Rutherford's challenge fails for another reason. Even if the district court could have said more to explain its thinking, Rutherford has not shown that the court's explanation caused him prejudice. According to the Sentencing Guidelines, "[i]f the instant offense was committed . . . after sentencing for, but before commencing service of, [a] term of imprisonment, the sentence for the instant offense shall be imposed to run *consecutively* to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a) (emphasis added). And here, Rutherford committed his three bank-fraud offenses while on release after sentencing and pending self-surrender in a separate federal case. Rutherford therefore received the sentence advised by the guidelines, and he has not presented any evidence that the court's error—if indeed there was one—affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 734 (1993) ("It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice."); *United States v. Fears*, 514 F. App'x 579, 583 (6th Cir. 2013).

For these reasons, we affirm.