NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0891n.06

No. 14-5653

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Dec 03, 2014<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| CHARLES WESLEY COLLINS, | ) | THE EASTERN DISTRICT OF |
|  | ) | KENTUCKY |
| Defendant-Appellant. | ) |  |
|  | ) |  |

BEFORE: BOGGS, ROGERS, and STRANCH, Circuit Judges.

PER CURIAM. Charles Wesley Collins appeals his sentence upon revocation of supervised release.

In 2008, Collins pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to one year and one day in prison, to be followed by three years of supervised release. During his term of supervised release, Collins possessed a firearm, and he was convicted in state court of being a felon in possession of a firearm. The state trial court sentenced Collins to one year in prison. Collins subsequently admitted that he violated the conditions of his federal supervised release by possessing a firearm and by violating Kentucky law. The federal district court determined that Collins's guidelines range of imprisonment was four to ten months. The court varied upward and sentenced Collins to 18 months in prison, to be served consecutively to his state sentence.

On appeal, Collins argues that his above-guidelines sentence is substantively unreasonable. He also argues that his sentence violated his double-jeopardy rights because it was imposed for the same conduct underlying his state conviction and sentence for being a felon in possession of a firearm. Collins's double-jeopardy claim fails as a matter of law because his 18-month sentence for revocation of supervised release is part of his punishment for the 2008 offense, not punishment for the conduct underlying his state conviction. *See Johnson v. United States*, 529 U.S. 694, 700 (2000); *see also United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011).

We review sentences under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a substantive component. *United States v. Studabaker*, 578 F.3d 423, 430 (6th Cir. 2009). Collins does not contend that the sentence is procedurally unreasonable. A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives unreasonable weight to any relevant factor. *United States v. Zobel*, 696 F.3d 558, 569 (6th Cir. 2012).

Before imposing its sentence, the district court engaged in a thorough discussion of the relevant sentencing factors under 18 U.S.C. § 3553(a). And the court reasonably explained that an above-guidelines sentence was warranted based on Collins's pattern of possessing firearms illegally, the significant risks resulting from his possession of firearms and his domestic-violence issues, and the need to afford adequate deterrence and protect the public. Because there is nothing in the record suggesting that the district court failed to consider a relevant sentencing factor or gave improper weight to any factor, the court did not abuse its discretion by imposing the 18-month sentence.

Accordingly, we affirm Collins's sentence.