NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0232n.06

No. 14-3114

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 27, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

RONALD THOMAS,

  Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

BEFORE: GUY, MOORE, and McKEAGUE, Circuit Judges.

PER CURIAM. Ronald Thomas appeals his 24-month consecutive sentence imposed upon the revocation of his supervised release. We affirm.

In 2003, Thomas pleaded guilty to two counts of possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g) and was sentenced to 77 months of imprisonment followed by three years of supervised release. While on supervised release, Thomas committed several violations of the conditions of his supervision: (1) testing positive for marijuana; (2) submitting a diluted urine specimen and testing positive for opiates; (3) failing to report for scheduled appointments for assessment and drug testing; (4) committing another crime which resulted in his guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) in Case No. 1:13-CR-309; and (5) possessing a firearm, ammunition, and body armor. Thomas pleaded guilty to these violations.

The district court sentenced Thomas for his supervised release violations and his new § 922(g) conviction at the same time. Based on Thomas's Grade B violations and his criminal history category of VI, the district court calculated an imprisonment range of 21 to 27 months, which was capped by the statutory maximum of 24 months. After considering the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Thomas to 24 months of imprisonment for his supervised release violations to be served consecutively to his 96-month sentence for his new § 922(g) conviction in Case No. 1:13-CR-309.

On appeal, Thomas contends that the sentence imposed upon the revocation of his supervised release is unreasonable because the district court failed to articulate any reason for imposing consecutive sentences. In reviewing a sentence for procedural reasonableness, we must ensure that the district court "adequately articulated its reasoning for imposing the particular sentence chosen." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Because Thomas failed to object to the adequacy of the district court's explanation for imposing consecutive sentences, we review for plain error. *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc).

The district court did not plainly err. A district court need not give a "specific reason" for a consecutive sentence, *United States v. Johnson*, 640 F.3d 195, 208-09 (6th Cir. 2011), so long as it "makes *generally clear* the rationale under which it has imposed the consecutive sentence," *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998) (emphasis added). The district court recognized its discretion to impose consecutive, concurrent, or overlapping sentences. Reviewing the § 3553(a) sentencing factors, the district court considered Thomas's prior record,

lack of employment, substance abuse, and family ties and addressed the need to provide just punishment, to afford deterrence, to reflect the seriousness of the offense, to protect the public, and to give him "an opportunity to improve not only his conduct, but his condition." (R. 51, Sentencing Tr. 28-29, Page ID # 91-92). The district court then stated, "For all of those reasons, I impose the following sentences:" 24 months of imprisonment for the supervised release violations to be served consecutively to 96 months of imprisonment for the new § 922(g) conviction. (*Id*. at 29, Page ID # 92). The district court made clear that the same reasoning applied to both sentences and their consecutive nature. *See Johnson*, 640 F.3d at 208 (finding that the district court's reasons "were intertwined").

Thomas relies upon *United States v. Cochrane*, 702 F.3d 334 (6th Cir. 2012), but the standard of review in that case was abuse of discretion rather than plain error. According to *Cochrane*, the district court may satisfy its obligation to explain a consecutive sentence in a number of ways, such as "incorporat[ing] by reference a discussion of the relevant considerations," *id.* at 346 (citing *United States v. Berry*, 565 F.3d 332, 342-43 (6th Cir. 2009)), or "mak[ing] clear that its reasons for choosing a substantive sentence and for running two sentences consecutively are the same," *id.* (citing *Johnson*, 640 F.3d at 208). But, under *Cochrane*, "[w]hat the district court may not do is say nothing at all." *Id*. at 346. Here, the district court acknowledged its discretion to impose consecutive, concurrent, or overlapping sentences; discussed the § 3553(a) sentencing factors; and referred to the same reasons for imposing the 96-month sentence for the new § 922(g) conviction and the 24-month consecutive sentence for the supervised release violations. The district court said more than "nothing."

Even if the district court could have said more, Thomas has failed to demonstrate prejudice. USSG § 7B1.3(f) provides that "[a]ny term of imprisonment imposed upon the

revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving." The district court exercised its discretion and chose to impose consecutive sentences as advised by the guidelines. Thomas has not shown that any error in the district court's explanation affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 734 (1993) ("It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice."); *United States v. Rutherford*, 563 F. App'x 368, 371 (6th Cir. 2014); *United States v. Fears*, 514 F. App'x 579, 583 (6th Cir. 2013).

For the foregoing reasons, we affirm Thomas's sentence.