NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0309n.06

No. 18-5898

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 18, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| RICKY JAMES BENNEFIELD, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SUTTON, BUSH, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Ricky Bennefield challenges his above-the-Guidelines sentence as procedurally and substantively unreasonable. Because the sentence is neither, we AFFIRM.

I.

Bennefield's father-in-law, Franklin Chastain, died while on a family road trip in 2010. Bennefield apparently feared that the police would blame him for Chastain's death because of bruises covering Chastain's body. So, rather than contact the police, Bennefield, with the assistance of his wife and minor children, buried Chastain's body in a shallow grave on the side of the road. After driving away, Bennefield and his family returned to Chastain's body and moved it to another location; the family then continued on their trip. Bennefield never reported Chastain's

death.[1]  He admitted that he concealed the death so that he and his wife could continue receiving Chastain's Social Security and pension benefits.

Bennefield's wrongdoing remained secret for over six years, and he and his wife cashed over $120,000 worth of Chastain's Social Security and pension benefit checks.  In 2016, the police began investigating Bennefield for allegedly raping his stepdaughter and fathering a child with her when she was fifteen years old.  The stepdaughter told the police of Chastain's death and of Bennefield's continued theft of Chastain's benefits.  Bennefield was charged with conspiracy to commit mail and wire fraud, theft of government money, and aggravated identity theft.  He pleaded guilty to all counts.[2]  For the conspiracy and theft charges, Bennefield's Guidelines range was 21 to 27 months, with a mandatory, consecutive 2-year sentence for aggravated identity theft, making an effective Guidelines range of 45 to 51 months.  Bennefield requested a sentence between 24 and 45 months that would run concurrent with his state sentences for aggravated statutory rape and incest.  The district court instead varied upward, sentencing Bennefield to 120 months' imprisonment to run consecutively to the state sentences.

## II.

A criminal sentence must be both procedurally and substantively reasonable.  *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012).  Procedural reasonableness requires the court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S.

---

[1] Chastain's body has never been located, and his cause of death is unknown.
[2] Bennefield's wife pleaded guilty to aggravated identity theft; the court sentenced her to two years' imprisonment.

38, 51 (2007)). Substantive reasonableness, however, focuses on whether a "sentence is too long (if a defendant appeals)." *Id.* at 442. "The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Id.* Instead, substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.*

*Procedural Reasonableness*. Bennefield cursorily argues that the district court committed procedural error by not adequately explaining the length of the sentence. Because Bennefield did not raise this objection before the district court, we review for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). But there was no error here. The court discussed Bennefield's criminal history; detailed the incident involving Chastain's body and described it as "disturbing and beyond imagination"; and explained the need to promote respect for the law and for adequate deterrence (this had not been Bennefield's first run-in with the law). The court also found "noteworthy that the crimes charged in this case lasted over six years and were only discovered through the investigation of the defendant's crimes against his stepdaughter, which were truly outrageous." The court found Bennefield more culpable than his wife, noting that Bennefield refused to take Chastain to the hospital, twice insisted on leaving Chastain on the side of the road, threatened his family to keep them quiet about the incident, and devastated Chastain's family. To satisfy the procedural reasonableness inquiry, the district court need only "adequately articulate[] its reasoning for imposing the particular sentence chosen." *United States v. Rutherford*, 563 F. App'x 368, 369 (6th Cir. 2014) (per curiam) (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)). The district court more than satisfied the requirement here.[3]

---

[3] Bennefield also argues that the district court committed procedural error by not addressing his national disparity argument. Because Bennefield raised this argument for the first time in his reply

*Substantive Reasonableness.*  Bennefield next argues that his sentence is substantively unreasonable because it is greater than necessary to comply with the § 3553(a) factors.  But the district court did not abuse its discretion in fashioning Bennefield's sentence.  *See Gall*, 552 U.S. at 51.  The court found this case "truly outside the heartland of cases," and thus found "[i]t not surprising that the Guidelines do not adequately address the defendant's conduct, because no one could conceive of this course of conduct."  The court explained the many reasons why Bennefield's actions went beyond "ordinary" Social Security theft, again highlighting Bennefield's refusal to take Chastain to the hospital; his decision to hide Chastain's body; and his threatening the family in order to hide the truth.  The court carefully walked through the § 3553(a) factors and reasonably decided they warranted a much stiffer sentence than the Guidelines range.  That is all we ask of the district court.  *See Rayyan*, 885 F.3d at 442 (recognizing that the district courts "may not . . . lash themselves to the guidelines range; they must independently apply the § 3553(a) factors to each defendant to determine an appropriate sentence").  Bennefield has not shown that his sentence was substantively unreasonable.

* * *

We AFFIRM Bennefield's sentence.

---

brief, we will not consider it.  *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).