**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0273n.06

No. 13-3812

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 14, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| DELMAIN FANNIN, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, ROGERS, and SUTTON, Circuit Judges.

ROGERS, Circuit Judge. While on supervised release, Delmain Fannin robbed a bank. As a result, the district court revoked Fannin's supervised release and sentenced him to 18 months of imprisonment, to be served concurrently with the 84-month prison term imposed separately for his bank robbery conviction. Fannin challenges the district court's decision to impose consecutive sentences, arguing that the court gave no explanation for that decision and thus appellate review is impossible. Because the district court provided an adequate explanation for the sentence imposed by making it clear that the court's reasons were the same for choosing Fannin's substantive sentence and for running the two sentences consecutively, the imposition of consecutive sentences was procedurally reasonable.

In 2005, Fannin pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g) and §924(a)(2), and was sentenced to 84 months of imprisonment and a three-year term of supervised release.  In 2012, while Fannin was on supervised release, he pled guilty to two counts of bank robbery under 18 U.S.C. § 2113(a), for which he was sentenced to 84 months of imprisonment and a three-year term of supervised release.  On October 9, 2012, a Petition for Warrant was filed, alleging that Fannin had violated the conditions of his supervised release by committing a bank robbery.

At his revocation hearing on October 16, 2012, Fannin admitted that the bank robbery constituted a violation of the conditions of his supervised release.  Before imposing Fannin's sentence upon revocation of supervised release, the court observed that Fannin's decision to rob the bank "obviously wasn't well-reasoned and [] was based upon a constellation of impairments." The court noted that "[Fannin's] actions were based more on impaired judgment than any intention to commit an act motivated by greed, [but . . . w]hether someone acts to rob a bank through impaired judgment or greed, the safety of the community is equally at risk.  The only way I know to address this is to follow Dr. [Massimo] De Marchis's recommendation." [1]  The district court acknowledged that the policy Guidelines for supervised release violations were

---

[1] The court ordered Dr. De Marchis to render an opinion as to Fannin's mental status as well as prognosis and treatment for any mental status found.  The report from Dr. De Marchis's mental status evaluation of April 29, 2013, is not in the record, but was discussed by the parties via teleconference and at Fannin's sentencing hearing.  Fannin's counsel agreed with Dr. De Marchis's finding that Fannin has a history of engaging in co-dependent relationships, that such co-dependency led him down a "dangerous path," and that counseling to address his anger management and co-dependencies might return Fannin to the "path to make the right decisions."

"advisory only," and reviewed the factors of sentencing set forth in 18 U.S.C. § 3553(a). The court stated:

> I believe the safety of the community is at risk from this Defendant. I believe the public's interest in fair punishment, in rehabilitation, and in deterrence has been considered and will be addressed by the Court and I have also considered the need to avoid unwanted disparities in the sentence to be imposed on this Defendant as opposed to others similarly situated who have committed similar crimes in the future.

The district court found that Fannin had violated his supervised release, that the violations were Grade A violations, that Fannin's criminal history category was VI, and that the advisory sentencing range was 33–41 months with a 24-month maximum. "With all of that in mind," the district court revoked Fannin's supervised release and sentenced him to 18 months of imprisonment, to run consecutively to the 84-month sentence imposed on the underlying bank robbery conviction. The district court then said: "For the reasons that the Court has stated, it is the order of this Court that the 18-month sentence be run consecutively to or after the 84-month sentence imposed [for the bank robbery conviction]." On appeal, Fannin challenges only the adequacy of the district court's explanation for its decision to impose consecutive sentences.

The district court did not plainly err in simultaneously explaining the reasons for the sentence and for making the sentence consecutive. We review only for plain error because Fannin's counsel did not object when presented with the *Bostic* question. *See United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008). "When a defendant is subject to an undischarged sentence of imprisonment, the district court generally has authority to impose a term of imprisonment on the current offense to run concurrently with or consecutively to the prior

undischarged term." *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011) (citing 18

U.S.C. § 3584(a)). In exercising that authority, the district court must consider the factors listed

in 18 U.S.C. § 3553(a), including any applicable Guidelines or policy statements issued by the

Sentencing Commission. *Id.* (citing 18 U.S.C. § 3584(b)).

The policy statement in U.S.S.G. § 7B1.3(f) provides that:

> Any term of imprisonment imposed upon the revocation of . . . supervised release
> shall be ordered to be served consecutively to any sentence of imprisonment that
> the defendant is serving, whether or not the sentence of imprisonment being
> served resulted from the conduct that is the basis of the revocation of . . .
> supervised release.

U.S.S.G. § 7B1.3(f). Although not binding, "the district court must consider § 7B1.3(f) when it

is applicable and may exercise its discretion to apply it when determining whether to impose a

consecutive sentence." *Johnson*, 640 F.3d at 208. In addition, Application Note 4 to U.S.S.G.

§ 7B1.3(f) elaborates:

> Subsection (f) provides that any term of imprisonment imposed upon the
> revocation of probation or supervised release shall run consecutively to any
> sentence of imprisonment being served by the defendant. Similarly, it is the
> Commission's recommendation that any sentence of imprisonment for a criminal
> offense that is imposed after revocation of probation or supervised release be run
> consecutively to any term of imprisonment imposed upon revocation.

United States Sentencing Commission, Guidelines Manual, § 7B1.3(f), cmt. 1 (Nov. 2013).

Fannin challenges only the adequacy of the district court's explanation for his consecutive

sentence.

Facing this question under an abuse of discretion standard, this court held in *Johnson* that

an explanation is sufficient "[w]here, as here, the court makes *generally clear* the rationale under

which it has imposed the consecutive sentence." 640 F.3d at 209 (quoting *United States v. Owens,* 159 F.3d 221, 230 (6th Cir.1998)). "There is no requirement that the district court state a 'specific reason' for a consecutive sentence." *Id.* at 208–09. In *Johnson,* "[t]he district court's determination of the length of Johnson's sentence and his decision to impose the sentence consecutively to the undischarged state sentence were intertwined"; likewise, here, the district court relied upon the same reasoning when imposing Fannin's substantive sentence and making the sentence consecutive. *See Johnson*, 640 F.3d at 208. In *Johnson*, the district court simply noted that it "ha[d] the discretion to make the sentence run concurrent or consecutive," and indicated that a consecutive sentence was appropriate in light of several § 3553(a) factors, before ordering Johnson's federal sentence to be served consecutively to his state sentence. *Id*. In Fannin's case, the district court imposed the sentence consecutively "[f]or the reasons that the Court has stated," including a prior evaluation of the § 3553(a) factors as applied to Fannin's case. The district court thus did not plainly err in imposing a consecutive sentence.

It is true that in *Cochrane* we held that a district court's decision to impose a consecutive sentence was procedurally unreasonable because it did not provide any rationale for imposing a consecutive sentence on a supervised release violation. *United States v. Cochrane*, 702 F.3d 334, 346–47 (6th Cir. 2012). However, *Cochrane* is distinguishable from this case. First, unlike in *Cochrane*, where the standard of review was abuse of discretion, here it is plain error. Second, unlike in *Cochrane*, where the defendant's counsel requested concurrent sentences at the sentencing hearing, here neither Fannin nor his counsel made such a request. *See Cochrane*, 702 F.3d at 340. Most importantly, the district court in *Cochrane* did not indicate that its reasons for

imposing consecutive sentences were the same as those for which it determined the length of defendant's sentence, or indeed provide any rationale whatsoever. By contrast, here the district court provided exactly the type of explanation that was lacking in *Cochrane*—an indication that the reasons for imposing consecutive sentences were the same as those for which it determined the length of defendant's sentence. This court in *Cochrane* explicitly acknowledged that an explanation is sufficient when the district court "make[s] clear that its reasons for choosing a substantive sentence and for running two sentences consecutively are the same." *Cochrane*, 702 F.3d at 346 (citing *Johnson,* 640 F.3d at 208). The district court's reference to its analysis prior to imposing Fannin's substantive sentence was adequate under this standard.

For the foregoing reasons, we AFFIRM the judgment of the district court.