NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0297n.06

FILED
May 26, 2017
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| SHAUNDELLE DIAL, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

BEFORE:    DAUGHTREY, KETHLEDGE, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.**  Defendant Shaundelle Dial appeals his sentence, arguing that his removal from the courtroom for resentencing violated his due process and confrontation rights, and that the imposition of a consecutive sentence without sufficient explanation was unreasonable.  Upon review, we **AFFIRM**.

## I.  BACKGROUND

After a jury trial, Dial was convicted of carjacking (Count 1), use of a firearm during a carjacking (Count 2), and being a felon in possession of a firearm (Count 3).  He was sentenced to 100 months on Count 1, 84 months on Count 2, and 56 months on Count 3, to be served consecutively.  Dial appealed his sentence, and this court ordered a remand for resentencing on Count 2, because the jury did not specifically find that Dial brandished the firearm as required by *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

While in custody before resentencing, Dial had significant behavioral problems. He filed a pro se letter stating that he was suffering from "some sort of chronic masturbation disorder," among other issues. The district court interpreted this letter as a request for a psychiatric evaluation before resentencing. The court ordered an examination, which concluded that Dial's behavior was "volitional" and that Dial "demonstrated great personal control" with respect to his behaviors. At a status conference on August 27, 2015, the district court warned Dial that if he did not cease his unruly behavior he could forfeit his right to be present at sentencing:

> I have received a long, long, long list of your disruptive behavior, not just where you are now in NEOCC, but also from McCreary. While you were here even before trial and before sentencing, I moved you to more facilities than I've ever moved any other defendant.
>
> You've written to me, sir, that should the Marshals Service try to take you back to McCreary, you would resist even what you describe as a five-man crew. And you also threatened that you would kill yourself.
>
> What I'm telling you is this: If you cause me to believe that you will harm yourself or cause others to be harmed if they attempt to remove you from that facility to bring you to court, you risk waiving being physically present for any further proceedings, including sentencing. I will consider your disruptive behavior a waiver of your right to be physically present.
>
> If at any time you're disruptive even by way of some presence other than physical presence, such as that by videoconference, I will waive your right to pro se representation and have Mr. Billak represent you.

(R. 190, at PageID# 2006-07).

Another status conference was scheduled for September 15, 2015. At this conference, Dial was very disruptive. He had to be carried into the courtroom, and urinated through his clothing on the way in. The hearing was delayed to allow him to change into dry clothing. Once the hearing began, Dial refused to speak or answer questions from the court. The court again warned him that, "If you are disruptive, if you do anything that is impolite, disruptive or otherwise distracting to this court, I will have you removed and it will be the last time that you

physically appear in this federal courthouse." Soon after, Dial urinated on the courtroom floor, and was removed. Relying in part on the report from the psychological examination, the district court found Dial's actions to be intentional and that he had waived his right to be present in the courtroom.

On January 26, 2016 the court held another status conference and heard updates regarding Dial's continued behavioral issues and inappropriate conduct with bodily fluids while incarcerated. Again on March 17, 2016 the court discussed his continued misconduct, noted that he placed a phone call to the court and cursed at the clerk of court, and heard information from the government that Dial had been cited repeatedly for sexual acts. Documents from the Bureau of Prisons attached to the Court's Sentencing Memorandum detailed Dial's continued disciplinary violations including masturbating in the presence of staff, assaulting and spitting on staff, and refusing to obey orders.

After several delays requested by Dial's counsel, the district court held resentencing on May 5, 2016. Dial was not present, and did not participate by video conference or phone. Dial's counsel stated that Dial did wish to be present. In response, the district court said:

> And I can assure you that I have not made this decision just once and left it in place, but I revisited the decision. I revisited the decision by checking with the deputy marshals to see if there was some change in behavior, and there hadn't been, at least no change for the better.

> But since Mr. Dial was last physically present in the courtroom, refused to speak, urinated on the court's carpet, he called the court, spoke profanely to the person who answered the phone, has persisted in his disruptive and noncompliant behavior while in the custody of the Bureau of Prisons, and part of the reason this sentencing hearing has taken so long to finally move forward is because he's been repeatedly moved.

> . . .

> So I've not just made a decision and decided there was nothing he could do to regain his standing such that he could be physically present as Rule 43 permits,

but he hasn't regained that privilege. He hasn't regained the trust of the court. He hasn't shown himself as someone willing to comport himself to basic standards of decency.

And I'll also remark, as you're all aware, and it's also written in the presentence report, at Mr. Dial's request, I referred him for an evaluation, a mental health evaluation, a psychiatric evaluation. We received a very detailed report after quite a lengthy study. And it was shown that his behavior was intended, it was willful, it was done as a way to act out against oppressions he believed he faced, and certainly against an authority he didn't believe he should be subject to.

(R. 189 at PageID# 1932-33).[1]

The court determined that it would sentence Dial in the alternative, one sentence based on the limited remand from this court, and one sentence if de novo resentencing was appropriate in light of changes in the law since sentencing (namely, *Johnson v. United States*, 135 S. Ct. 2551 (2015)). For the limited remand, the court again resentenced Dial to 84 months on Count 2, accounting for his behavioral record while incarcerated and an additional burglary conviction that became final after his original sentencing. For the alternative de novo sentencing, the court found that Dial was no longer a career offender post-*Johnson*. However, it again sentenced him to 240 months, structured with consecutive terms of imprisonment of 96, 84, and 60 months on Counts 1, 2, and 3.

Dial argues that his due process and confrontation rights were violated when he was not permitted to attend his resentencing. He also argues that the imposition of a consecutive term of imprisonment was not supported by adequate findings, and that federal carjacking is not a crime of violence for the purposes of 18 U.S.C. § 924(c).

---

[1]The district court also noted that it had received two documents from Dial that had been defiled with what the court suspected to be an unknown bodily fluid, urine or semen.

## II. ANALYSIS

Dial argues that a de novo standard of review should apply, citing to *United States v. Williams*, 641 F. 3d 758, 763 (6th Cir. 2011). The Government argues that de novo review was only used in *Williams* because the standard was not contested, and points to case law from other circuits to show that the proper standard of review is an abuse of discretion. We review a defendant's removal pursuant to Fed. R. Crim. P. 43(c) under the abuse of discretion standard. *See United States v. Clark*, 591 Fed. App'x 367, 373 (6th Cir. 2014).

### A.    Dial's presence in the courtroom for resentencing

"One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 339 (1970). A defendant can be removed if he continues to "conduct[] himself in a . . . disorderly, disruptive, and disrespectful" manner if he has been warned by the judge that he is facing removal. *Id.* at 343. The Federal Rules of Criminal Procedure also protect this right. "Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). However, a defendant "waives the right to be present . . . when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom." Fed. R. Crim. P. 43(3)(1)(C). Judges confronted with such behavior "must be given sufficient discretion to meet the circumstances of each case." *Illinois v. Allen*, 397 U.S. at 344.

Dial was disruptive at the September 2015 status conference, and the parties do not dispute that the district court had twice warned him that his conduct would result in his removal. But Dial argues that in the time between the September 2015 status conference and the

resentencing in May 2016, the court never communicated with Dial to see whether he could behave in the courtroom, and never determined if other means such as video conferencing could be used to allow him to participate.[2] Dial argues that while a defendant can waive his right to be present, that waiver is not automatically deemed to be permanent.

The record refutes any claim that Dial's waiver was deemed permanent. During the time that elapsed between the September status conference and the resentencing, the court on several occasions examined whether Dial would be able to abide by acceptable means of conduct. The court noted Dial's continued offensive conduct at a hearing on January 26, 2016, and again on March 17, 2016, where it also noted that he placed an inappropriate phone call to the clerk of court. The court considered information that Dial continued to be cited for sexual acts while incarcerated. Dial was warned twice that his conduct would result in his removal, yet he persisted in engaging in inappropriate behavior. Under these circumstances, the district court did not abuse its discretion when, after considering updated reports and other information, it conducted Dial's resentencing outside his presence.

**B.     Imposition of a consecutive sentence**

Dial argues that the imposition of a consecutive term on Count 3 was inappropriate and unsupported by sufficient findings. As this argument was not raised below, we review for plain error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008). Dial must show "(1) error (2) that 'was obvious or clear,' (3) that 'affected [his] substantial rights' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* at 386 (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

---

[2]The district court did not have an obligation to conduct the hearing using video conferencing, and indeed may have been reticent to do so in light of our decision in *United States v. Williams*, where we held that "a district court may not conduct a sentencing hearing by video conference" to comport with the requirements of Rule 43. 641 F.3d 758, 764 (6th Cir. 2011).

The Government first argues that this court's previous remand was limited to Count 2, and that we need not review the district court's alternate sentence for Count 3. However, *Johnson v. United States* constituted "a subsequent contrary view of the law by the controlling authority" permitting further development by the district court despite the limited mandate. *See United States v. Campbell*, 168 F.3d 263, 269 (6th Cir. 1999). Thus we will review Dial's objection to his alternative sentence on Count 3.

Dial argues that the district court did not make its rationale clear for imposing the consecutive sentence. A district court's decision as to whether to apply a consecutive sentence is discretionary. *United States v. Watford*, 468 F.3d 891, 916 (6th Cir 2006). "Exercise of that authority, however, is predicated on the district court's consideration of the factors listed in 18 U.S.C. § 3553(a), including any applicable Guidelines or policy statements issued by the Sentencing Commission." *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011). "There is no requirement that the district court state a 'specific reason' for a consecutive sentence", *id*. at 208, but a court must "make[] generally clear the rationale under which it has imposed the consecutive sentence," *United States v. Owens*, 159 F.3d 221, 230 (1998). "The district court may also make clear that its reasons for choosing a substantive sentence and for running two sentences consecutively are the same." *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012).

Here, the court expressed its belief at resentencing that a 240 month sentence, composed of three consecutive sentences, remained appropriate. The court reviewed the § 3553(a) factors, discussing Dial's personal history and characteristics as expressed in the revised Pre-Sentence Report, as well as his disruptive behavior. The court considered the dangerous nature of the offense, and the goals of incarceration including ensuring the safety of others, deterrence, and its

intent not to over-incarcerate Dial. The court also discussed the new burglary conviction and Dial's "abysmal" post-conviction behavior. The court's reasons for imposing consecutive sentences were intertwined with its reasons for the overall length of sentence. *See Cochrane*, 702 F.3d at 346. While the district court could have more specifically articulated its reasons for imposing a consecutive sentence, the rationale was generally clear, *see Owens*, 159 F.3d at 230, and the sentence did not constitute plain error.

**C.     Carjacking as a crime of violence**

Dial argues that his conviction under 18 U.S.C. § 924(c) must be vacated pursuant to *Johnson v. United* States, 135 S. Ct. 2551 (2015). He states that federal carjacking does not require violent conduct and does not categorically qualify as a predicate offense under § 924(c). However, in *United States v. Taylor*, also a carjacking case, we held that the definition of "crime of violence" in § 924(c) is different than the definition in the ACCA residual clause. 814 F.3d 340, 376 (6th Cir. 2016). We thus affirm Dial's conviction under § 924(c).

## III.  CONCLUSION

Accordingly, we **AFFIRM** Dial's sentence.