**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0193n.06

Case No. 17-1246

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Apr 12, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ANTHONY OBY LOOSE, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: GILMAN, COOK, and GRIFFIN, Circuit Judges.

COOK, Circuit Judge. Bank robber Anthony Loose appeals his prison sentence, arguing that the district court erred in departing upward from the advisory Guidelines range. Because the district court did not abuse its discretion, we AFFIRM.

**I.**

Loose robbed three banks and a credit union across Michigan between May and July 2016. He used similar tactics each time—inform the teller he has a gun, demand cash, and flee in a getaway car. After Loose's sister identified him for authorities, officers cornered him at a motel where he eventually surrendered. A grand jury indicted Loose on three counts of bank robbery, in violation of 18 U.S.C. § 2113(a); he pleaded guilty to one count as part of a written plea agreement.

The district court notified the parties that it was considering an upward departure from the advisory Guidelines range—100 to 125 months' imprisonment, per an offense level of 24 and a criminal history category of VI. At the following week's sentencing hearing, Loose and his counsel argued against the departure, pointing to Loose's struggles with substance abuse, his infant daughter, and his criminal history consisting largely of misdemeanors.

Despite those arguments, the district court departed upward from the advisory Guidelines range by two offense levels, resulting in a range of 120 to 150 months. The court explained that Loose's criminal history category "does not accurately reflect the seriousness of [his] prior criminal history," which included resisting and obstructing a police officer, witness tampering, and domestic violence. Plus, Loose committed these four bank robberies while on parole for a previous one. Deeming Loose "a serious threat to the law abiding citizens" of Michigan, the court sentenced him to 150 months' imprisonment, to be served consecutively to any state prison sentence imposed for the parole violation. Loose appeals his sentence.

## II.

We review sentencing decisions deferentially, for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). "This review has two components: procedural reasonableness and substantive reasonableness." *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015).

A district court errs procedurally by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. Determining whether to depart from the advisory Guidelines range

"requires that the sentencing judge consider 'the seriousness of the defendant's past criminal conduct, the likeliness of recidivism, prior similar adult conduct not resulting in criminal convictions, previous lenient sentences for offenses, whether the sentence will have a deterrence on future criminal conduct, the necessity of isolating the defendant from the community and the length of time necessary to achieve rehabilitation, if rehabilitation is possible.'" *United States v. Herrera-Zuniga*, 571 F.3d 568, 588 (6th Cir. 2009) (quoting *United States v. Thomas*, 24 F.3d 829, 833 (6th Cir. 1994)).

To be substantively reasonable, the sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (citation and internal quotations omitted). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citing *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)).

## A.

Take procedural reasonableness first. The district court considered the § 3553(a) factors and departed upward after reviewing Loose's lengthy Presentence Report. Where a defendant's criminal history falls in Category VI, the sentencing court "should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3(a)(4)(B).

That's what the district court did—it added two offense levels (moving from 24 to 26) to represent the difference between Loose's 17 criminal history points and Category VI's 13-point threshold. Invoking the Guidelines' committee notes, the court explained that the upward departure was necessary to account accurately for the seriousness of Loose's prior offenses, to protect the public, and to deter future criminal activity by Loose and others. *See* U.S.S.G. § 4A1.3(a)(4)(B) cmt. 2 ("In the case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted."). The court likewise expressed concern with Loose having served only the minimum sentence for his 2011 bank robbery conviction before he was paroled, after which he committed this string of robberies. This was emblematic of Loose's criminal record which, according to the district court, "shows a pattern of very serious crimes within a very short period of time after being released." We do not require a rigid, mechanistic approach to departures from the advisory Guidelines range, *see Herrera-Zuniga*, 571 F.3d at 587–88, and we deem sufficient the court's explanation of the aggravating factors justifying the upward departure. *See also United States v. Elliott*, 521 F. App'x 513, 517 (6th Cir. 2013) (finding no error in district court's decision to depart upward "based on the extensiveness of [defendant's] record and the likelihood of recidivism" even though defendant did not have a record of violent crime).

Nor was it procedurally unreasonable for the district court to sentence Loose to serve 150 months *consecutive to* any sentence imposed for his state parole violation. After considering the § 3553(a) factors and the parties' arguments, the court explained its reasons for the consecutive sentence:

> [Loose] has a parole violation pending. This is the previously referenced [2011] bank robbery conviction out of Ingham County. As [Loose's counsel] appropriately points out, he does have a significant parole tail here, but in the Court's judgment, the interests of the sovereignty of the State of Michigan and the federal sovereign here for federal conviction are different, and accordingly a consecutive sentence to whatever the parole board believes is appropriate for the defendant to serve on the parole tail . . . is appropriate in this particular case.

"[T]his is a long sentence," the court acknowledged, but Loose is "a serious threat to the law abiding citizens of the State of Michigan" and a consecutive sentence carries stronger deterrent value. "Where, as here, the court makes *generally clear* the rationale under which it has imposed the consecutive sentence . . . , it does not abuse its discretion." *United States v. Johnson*, 640 F.3d 195, 209 (6th Cir. 2011) (citation omitted) (alteration in original); *see also* 18 U.S.C. § 3584.

## B.

Loose fares no better on the substantive-reasonableness inquiry. His argument that his "criminal conduct was actually not very serious in the grand scheme of things" is unavailing. As the district court referenced, Loose's record included "very serious" offenses such as bank robbery, domestic violence, domestic assault, assault and battery, breaking and entering, obstructing and resisting a police officer, and driving with a suspended license. Viewing Loose as "very dangerous" and alluding to his multiple parole violations, the court emphasized that "protection of the public from further crimes of the defendant is a very significant consideration." Accordingly, the court imposed a sentence at the top of the newly calculated Guidelines range that "reflects the seriousness of the offense, promotes respect for the law, and provides just punishment, specific deterrence of this defendant, as well as general deterrence of others who might contemplate similar criminal activity while . . . on parole." This rationale demonstrates the court's thorough consideration of the § 3553(a) factors, and we give it the

deference it is due on appeal. *See Gall*, 552 U.S. at 51 (reviewing for abuse of discretion, the appellate court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance").

Loose invokes his "very bad childhood" and "serious substance abuse problem" as reasons for leniency, but the district court properly considered both before imposing the 150-month sentence.

> There is no question, based on the court's review of the presentence investigation report, that drug abuse is a major piece of the picture here as Mr. Loose stands before the Court here today. The Court recognizes the allocution statement that the defendant made. . . . I also recognize that the defendant did have a difficult childhood when he was growing up. But at this point, Mr. Loose is 33 years old, recognizing that childhood difficulties do remain with people. It's long past time that Mr. Loose refers to childhood difficulties as being part of the problem here. He has had plenty of opportunities to reform his conduct and make his conduct in conformance with the requirements of the law. But regretfully . . . only once has Mr. Loose properly and satisfactorily completed any term of either probation or parole.

Even if we "might reasonably have concluded that a different sentence was appropriate" based on these proffered mitigating circumstances, that "is insufficient to justify reversal of the district court." *Id.*

**III.**

The sentence is AFFIRMED.