**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4602**

───────────

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

LUIS GUZMANVILLA, a/k/a Benito,

　　　　　　　Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (1:00-cr-00174-JAB-4)

───────────

Submitted:  February 12, 2013　　　Decided:  March 4, 2013

───────────

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen, III, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Guzmanvilla, a native and citizen of Mexico, appeals the six-month sentence he received after the district court revoked his supervised release. The district court ordered this sentence to run consecutive to the fifty-month sentence it imposed in United States v. Guzman-Villa, No. 1:12-cr-00044-JAB-1 (M.D.N.C.), in which Guzmanvilla pled guilty to illegally reentering the United States after having been removed as an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). Both the substantive charge and the supervised release violation were predicated on Guzmanvilla's illegal reentry, and both sentences were imposed in the same proceeding.

In this appeal, Guzmanvilla asserts that running the six-month revocation sentence consecutive to the fifty-month sentence renders the revocation sentence plainly substantively unreasonable. We disagree.

The district court has broad discretion in selecting the sentence to impose upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). This court will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-40 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must

2

first determine whether it is unreasonable at all." Thompson, 595 F.3d at 546; see United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, Crudup, 461 F.3d at 440, and has adequately explained the sentence chosen.[*] Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states "a proper basis" for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440. If, after considering the above, we decide that the sentence is not unreasonable, we will affirm. Id. at 439. Only if this court finds the sentence unreasonable must it decide whether it is "plainly" so. Moulden, 478 F.3d at 657.

We hold that the revocation sentence is not plainly substantively unreasonable. The term of incarceration ordered upon revoking Guzmanvilla's supervised release is separate and distinct from the sentence imposed on the substantive offense. The revocation sentence is designed to punish the defendant's failure to abide by the terms of his supervised

---

[*] Guzmanvilla does not claim that the district court committed any procedural error in sentencing him on the supervised release violation.

3

release.  Crudup, 461 F.3d at 437-38.  Because the Government is not constitutionally prohibited, by either the Ex Post Facto Clause or the Double Jeopardy Clause, "from prosecuting and punishing a defendant for an offense which has formed the basis for revocation of supervised release," United States v. Evans, 159 F.3d 908, 913 (4th Cir. 1998), it logically follows that the court need not account for the sentence the defendant received in conjunction with that substantive offense when imposing sentence on the supervised release violation.

Guzmanvilla's argument also fails as it is contrary to U.S. Sentencing Guidelines Manual ("USSG") § 7B1.3(f), p.s. (2001), which specifically authorizes the sentencing court to impose consecutive sentences in this precise situation.  Counsel indeed acknowledges this contrary authority.  Of course, because the Chapter 7 policy statements are not binding on the sentencing court, see Thompson, 595 F.3d at 546-57, the court would have been free to run the sentences concurrent.  But the court's deference to this policy statement was more than proper.  Accord United States v. Johnson, 640 F.3d 195, 208 (6th Cir. 2011) (explaining that, although not binding, the sentencing court should consider USSG § 7B1.3(f), p.s. in determining whether to impose consecutive sentences and that this decision is a matter of discretion).

After considering the permissible sentencing factors and defense counsel's arguments in mitigation, the district court stated a proper basis for the within-policy-statement range sentence it imposed in this case. See Crudup, 461 F.3d at 440. We therefore conclude that the revocation sentence is substantively reasonable and affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED