**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4703**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

REGINALD DWAYNE GRANT, a/k/a Dog,

                    Defendant - Appellant.

_____

**No. 15-4706**
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

REGINALD DWAYNE GRANT,

                    Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
District Judge. (5:14-cr-00296-FL-1; 5:06-cr-00100-FL-1)

_____

Submitted:  July 20, 2016          Decided:  July 29, 2016

_____

Before GREGORY, Chief Judge, and WYNN and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

Terry F. Rose, Smithfield, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Dwayne Grant appeals the 46-month sentence he received upon pleading guilty to two counts of distributing a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012), and the 18-month sentence he received after the district court revoked his supervised release. In these appeals, Grant contends that the sentences, which the court ordered to run consecutively, are substantively unreasonable.* We disagree.

When reviewing the substantive reasonableness of a sentence imposed upon conviction, we consider "the totality of the circumstances" under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In evaluating a sentence for an abuse of discretion, "we give[] due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the [18 U.S.C.] § 3553(a) [(2012)] factors, on the whole, justified the sentence." Id. at 59-60. The sentence must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume that a within-Guidelines sentence, as here, is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Grant may rebut that presumption

---

* Grant does not claim that the district court committed any procedural error in sentencing him for either the crimes of conviction or the revocation of supervised release.

3

only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed. United States v. Crudup, 461 F.3d 433, 440 (4th Cir. 2006). Although the sentence must be "sufficient, but not greater than necessary" to satisfy the goals of sentencing, see 18 U.S.C. §§ 3553(a), 3583(e) (2012), "the sentencing court retains broad discretion to revoke a defendant's [supervised release] and impose a term of imprisonment up to the statutory maximum," United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007).

We conclude that Grant fails to rebut the presumption that either sentence is substantively reasonable. In fashioning the 46-month sentence for the crimes of conviction, the district court considered Grant's request for a lesser sentence in light of the § 3553(a) factors, such as Grant's history and characteristics, the nature and circumstances of the offense, and the need for the sentence imposed. The court also adequately explained its reasons in imposing a revocation sentence within the statutory maximum.

Additionally, Grant's argument fails because the revocation sentence is separate and distinct from the sentence for the crimes of conviction. See Crudup, 461 F.3d at 437-38 (observing

4

that revocation sentence is designed to punish defendant's failure to abide by terms of supervised release). Moreover, the argument also runs contrary to U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. (2015), which provides for imposition of consecutive sentences in situations such as Grant's. Accord United States v. Johnson, 640 F.3d 195, 208 (6th Cir. 2011) (explaining that, although not binding, district court should consider § 7B1.3(f), p.s., in determining whether to impose consecutive sentences and that such decision is discretionary).

Accordingly, we conclude that the sentences are substantively reasonable, and we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED