NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  18a0535n.06

No. 18-3379

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Oct 25, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| LAVERT FINNEY, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

**BEFORE**:  **MERRITT, DAUGHTREY, and STRANCH, Circuit Judges.**

**PER CURIAM.**  This is an appeal from an order by the district court revoking defendant

Finney's supervised release under 18 U.S.C. § 3583 and imposing a new sentence of ten months

followed by a five-year term of supervised release.  The district court's explanation of its decision

is as follows:

> This matter was before the Court on April 4, 2018, for a hearing on the Government's request for revocation of Defendant Lavert Finney's supervised release.  The Defendant was present and represented by counsel.
>
> The Probation Officer's report states that Defendant Lavert Finney has left the district without permission on numerous occasions, has failed to report change of address, has associated with individuals engaged in criminal activity or convicted of felonies, has possessed drug paraphernalia, has failed to report employment and has failed to submit truthful monthly supervision reports.  The Defendant admits to certain violations.  After hearing testimony and for the reasons set forth on the record, the Court finds Defendant violated all alleged violations and revokes supervision.

> Defendant is sentenced to custody of Bureau of Prisons for a term of ten months, followed by five years supervised release (five years as to Counts 1 and 2 and two years as to Count 5, to run concurrently). Defendant is restricted from any form of gambling and shall participate in gambling addiction treatment. Defendant shall participate in cognitive behavioral treatment. Defendant shall not incur any new debt/credit and shall provide the probation officer with access to any requested financial information.

*United States v. Finney*, No. 5:07-cr-172-01 (N.D. Ohio Apr. 12, 2018). On appeal, Finney argues that the district court did not "consider the relevant factors" or provide a "meaningful basis for the imposition of the sentence imposed" at his revocation hearing. Finney also alleges that his sentence was excessive because he committed only "technical," noncriminal violations of his supervised release.[1] We construe Finney's claims as a challenge to the substantive and procedural reasonableness of his sentence.

In evaluating the substantive reasonableness of a defendant's sentence, courts must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) (citation omitted). "[F]or sentences within the Guidelines, we may apply a rebuttable presumption of substantive reasonableness." *Id.* (citations omitted). In this case, the court finds nothing in the record to rebut the presumption that Finney's within-Guidelines sentence was substantively reasonable. Although Finney emphasizes that he was not charged with any additional crimes while on supervised release, his violations did not need to be criminal to serve as a basis for revocation. And although most of these violations were arguably "technical," they were also numerous—Finney violated the conditions of his release 14 times. In determining Finney's sentence, the district court reasonably

---

[1]We note our concern that Finney's briefing also repeatedly criticizes the Assistant United States Attorney who appeared at Finney's revocation hearing. These criticisms are irrelevant to the legal issues before us.

considered "the severity of the breach of trust" demonstrated by these repeated violations. *United States v. Johnson*, 640 F.3d 195, 204 (6th Cir. 2011).

Although Finney's procedural reasonableness claim is also unavailing, it requires more attention. To assess the procedural reasonableness of a defendant's sentence, courts ask whether there is "sufficient evidence in the record to affirmatively demonstrate the court's consideration of" the factors required under 18 U.S.C. § 3553(a). *Id.* at 203 (citation omitted). The sentencing court need not, however, "explicitly reference each of" those factors. *Id.* Instead, the court must, at a minimum, "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007) (citation omitted).

The record shows that the district court's sentencing rationale focused predominantly on dissatisfaction with Finney for violating court orders. (R. 76, PageID 527-31) The court then mentioned that the Government had conceded that Finney might have committed only "technical violations" and sharply disagreed. (*Id.*, PageID 529:22-25) At the conclusion of the sentencing, the court briefly recited the § 3553(a) factors and announced a sentence of "10 months for the pattern of conduct and complete disregard of the Court's orders." (*Id.*, PageID 531:5-12; 532:9-533:20)

A principal purpose of the procedural protections afforded to defendants in this context is "to promote the perception of fair sentencing." *Gall*, 552 U.S. at 50. A fuller explanation of the reasoning behind the sentencing and a more complete opportunity for allocution would have been preferable here. *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 356 (2007) ("Confidence in a judge's use of reason underlies the public's trust in the judicial institution."). At the same time, the Supreme Court has instructed that "[w]hen a judge applies a sentence within the Guidelines

range, he or she often does not need to provide a lengthy explanation." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018). If a sentencing judge makes clear that he "has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," then a reviewing court may not vacate a sentence on procedural grounds simply because the court disagrees with the language used to convey that reasoning. *Id.*

The stated reasons for imposing Finney's sentence were sufficiently tied to the relevant factors, and we cannot say that the law required a lengthier explanation. Accordingly, the district court's judgment is AFFIRMED.