NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0278n.06

Case No. 21-4006

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jul 13, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| ALEXANDER L. BERRY, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: GILMAN, GRIFFIN, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Alexander Berry admitted to multiple supervised-release violations. So the district court revoked his supervised release and imposed a within-Guidelines sentence consecutive to his two state-court sentences. Berry argues that the decision to impose his federal sentence consecutive to the state-court sentences was procedurally unreasonable. We disagree and affirm.

I.

In 2008, Alexander Berry robbed four Cleveland-area banks. He was arrested, pled guilty to four counts of bank robbery, and sentenced to 92 months in prison followed by three years of supervised release.

Berry successfully completed his custodial sentence but struggled to meet the terms of his supervised release. A few weeks after leaving prison, Berry told his probation officer that he was

suicidal. The probation officer directed Berry to crisis-intervention resources and had him attend an initial mental-health assessment call. But after the initial call, Berry went missing.

The probation officer tried to track Berry down. He called Berry repeatedly. And when that didn't work, he went to Berry's home. But even his family didn't know where he was, and they suggested that he'd been using drugs. So the officer filed a violation report, stating that Berry hadn't complied with the mental-health and substance-abuse conditions of his supervised release and his whereabouts were unknown.

As it turns out, those weren't the only conditions that Berry violated. In the months after the probation officer's report, Berry stole a car and robbed a drug store at gunpoint. He pled guilty to both offenses in Ohio state court and was sentenced to one year in prison for grand theft and four years in prison for aggravated robbery, to be served concurrently.

Of course, these crimes led to a new violation report. After Berry admitted to the violations, the district court revoked his supervised release and sentenced him to 24 months in prison, to run consecutive to his state-court sentences. Berry appeals his sentence.

## II.

Berry argues that his sentence is procedurally unreasonable because it is consecutive to his state-court sentences. In Berry's view, the district court didn't adequately consider his arguments for why his federal sentence should run concurrent to the state-court sentences. The parties agree that, because Berry didn't preserve this argument below, we review his sentence for plain error.

By default, multiple terms of imprisonment imposed at different times are to run consecutively. 18 U.S.C. § 3584(a). To depart from that default rule and instead impose sentences concurrently, a district court must analyze the relevant 18 U.S.C. § 3553(a) factors and any pertinent Guidelines or policy statements. *Id.* § 3584(b). That's what the district court did here:

On Berry's request, it weighed these considerations before determining that his new sentence should be served consecutively.

The district court considered the sentencing factors in section 3553(a). It addressed the nature and circumstances of Berry's violations, including the short period of time between his release and the violations, the "very serious nature" of his offenses, and the fact that he was using drugs again. It discussed Berry's unwillingness to comply with his terms of release and described how his actions breached the court's trust. The court also emphasized that a consecutive sentence was necessary to promote respect for the law, provide a just punishment, afford adequate deterrence, and protect the public. Ultimately, the district court concluded that a consecutive sentence was essential. And Berry offers no reason for us to conclude otherwise.

The district court also accounted for the applicable policy statements, as it's required to do in deciding whether to run sentences consecutively or concurrently. *See United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011). Relevant here, U.S.S.G. § 7B1.3(f) covers revocation of probation or supervised release and provides that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." This policy statement is consistent with the statutory default of consecutive terms of imprisonment. And the district court properly considered it in imposing a consecutive sentence.

Despite the district court's thorough discussion, Berry argues that imposing a consecutive sentence was procedurally unreasonable because the court didn't consider that his supervised-release violations were caused by his mental-health issues and drug addiction, which he argues were heightened by the COVID-19 pandemic. But that's contradicted by the record. When the

district court explained the basis for Berry's sentence, it acknowledged multiple times that he might be suffering from mental-health and substance-abuse issues. True, the district court didn't explicitly discuss COVID-19. But a sentencing judge isn't obligated to address every mitigating argument raised by the defendant at length, especially when the sentence imposed is within the Guidelines range. *See United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008); *see also Rita v. United States*, 551 U.S. 338, 356 (2007). Thus, the district court didn't err, plainly or otherwise.

We affirm.