NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0122n.06

No. 22-5300

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 10, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| CARSON JAY CARTER, | ) ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: GIBBONS, BUSH, MATHIS Circuit Judges.

JOHN K. BUSH, Circuit Judge. While on supervised release from federal prison, Carson Carter was indicted for four state crimes. Each crime qualified as a violation of his supervised release. After conducting a hearing, the district court found that Carter violated a condition of his supervised release and sentenced Carter to thirty-six months imprisonment followed by five years of supervised release. On appeal, Carter challenges the district court's sentence as multiplicitous and claims the evidence supporting the indictment is questionable. Because the district court did not err, we AFFIRM.

**I.**

Carter pleaded guilty to distributing oxycodone in 2009. After serving his 120-month sentence for that conviction, he was released from prison, but six years of supervised release remained. During that period of supervised released, in 2019, the district court revoked Carter's supervised release for possessing a controlled substance and for being arrested for public intoxication. The revocation resulted in a six-month sentence followed by three years of

supervised release. He was released from prison in April 2020 and began the three-year term of supervised release. Carter tested positive for methamphetamine use in March 2021 and again in April 2021, but the district court did not revoke his supervised release after these positive tests. Instead, the court required him to enroll in substance abuse treatment.

On December 3, 2021, an indictment in Rowan County, Kentucky, alleged that Carter engaged in conduct leading to four state criminal charges: (1) strangulation in the first degree; (2) rape in the first degree; (3) sodomy in the first degree; and (4) assault in the fourth degree. The first three charges constitute Grade A violations of Carter's supervised release, and the fourth charge constitutes a Grade C violation of his supervised release.[1]

The district court conducted a revocation hearing related to these charges. At this hearing, the victim, Reymon Hamilton,[2] testified that Carter hit Hamilton in the back of the head before strangling, raping, and sodomizing the victim. Other evidence corroborated Hamilton's testimony, including photographs, testimony from a friend who picked up the victim following the incident, and testimony from an employee at a rehab facility. The latter witness testified that Hamilton was bleeding vaginally and had bloody clothes the day following the incident. In an interview with a police detective, Carter admitted to the sexual contact with Hamilton but claimed it was consensual.

The district court ultimately found by a preponderance of the evidence that Carter committed all four of the alleged violations. Following that determination, the district court sentenced Carter to thirty-six months of imprisonment for each of the Grade A violations, twelve months of imprisonment for the Grade C violation, with all of the sentences to be served

---

[1] A condition of Carter's supervised release included that he could "not commit any federal, state or local crime."

[2] Reymon Hamilton, formerly Renee Clingermayer, identifies as a transgender male.

concurrently, and five years of supervised release.  Carter timely appealed.

## II.

If a district court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release, the district court may revoke the term of supervised release. 18 U.S.C. § 3583(e)(3).  We review the district court's imposed sentence upon revocation of supervised release for abuse of discretion, *United States v. Jessie*, 656 F. App'x 97, 102 (6th Cir. 2016) (citing *United States v. Johnson*, 640 F.3d 195, 201 (6th Cir. 2011)); *accord United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000), and we review the district court's factual findings for clear error and legal conclusions de novo.  *United States v. Williams*, 858 F. App'x 827, 830 (6th Cir. 2021) (citing *United States v. Kontrol*, 554 F.3d 1089, 1091–92 (6th Cir. 2009)).

Carter first claims that the indictment was multiplicitous because all of his actions took place within an hour, as one continuing course of conduct.  Appellant's Br. at 7.  Because multiplicity is a legal question, we review de novo.  *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008).  Multiplicity occurs when a defendant is charged for "a single offense in more than one count in an indictment."  *United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017) (quoting *Swafford* 512 F.3d at 844).  To determine that two charges are not multiplicitous under the *Blockburger* test, we generally consider "whether each charge requires proof of a fact that the other charge does not."  *Id.* (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

The statutes underlying the strangulation in the first degree, K.R.S. § 508.170, and assault in the fourth degree, K.R.S. § 508.030, meaningfully differ from the rape and sodomy statutes and require different elements to be shown, so there is no multiplicity concern with these charges.  On the other hand, rape in the first degree, K.R.S. § 510.040, and sodomy in the first degree, K.R.S. § 510.070, have nearly identical statutory language.  The only difference is the distinction of

"deviate sexual intercourse" for sodomy in the first degree compared to "sexual intercourse" for rape in the first degree. *Compare* K.R.S. § 510.070, *with* K.R.S. § 510.040. But the definitions within the statute clarify that different facts are required to be found guilty of sodomy versus rape. Section 510.010(1) defines "[d]eviate sexual intercourse" to involve the "penetration of the anus of one person by any body part," while § 510.010(8) defines "[s]exual intercourse" to include the "penetration of the sex organs of one person by any body part." Thus, each charge contains an element not included in the other. The victim, Hamilton, testified that Carter penetrated both the anus and sex organs of the victim. So Carter could be convicted of both sodomy and rape, and the charges are not multiplicitous because the facts required for each charge are different per the *Blockburger* test. *Myers*, 854 F.3d at 355.

Another concern of multiplicity is the potential for incorrect double punishment for the same crime. *Swafford*, 512 F.3d at 844. The district court even noted that Carter expressed this concern at sentencing but explained it was moot because the sentences for the four supervised release violations run concurrently. We agree that this alleviates any concern of double punishment, and the district court did not abuse its discretion by sentencing Carter to thirty-six months for each Grade A supervised release violation.[3]

Carter additionally claims that the evidence supporting the district court's finding is highly questionable. But he waived this challenge on appeal. *See United States v. Bankston*, 820 F.3d 215, 234 (6th Cir. 2016). As Carter's brief acknowledges, the district court's findings here were by a preponderance of the evidence and not beyond a reasonable doubt—the typical standard of proof in the criminal context. Appellant's Br. at 8. While his brief does cite a standard of review,

---

[3] Because the state court has not sentenced Carter, the district court did not abuse its discretion by not determining whether Carter's federal sentence would run concurrently or consecutively to any potential state sentence he may receive.

Carter fails to develop the argument by neglecting to include any other caselaw, only briefly referencing the procedural history and speculating about his potential guilt or innocence of the criminal case in state court. *See Bankston*, 820 F.3d at 234; *United States v. Sandridge*, 385 F.3d 1032, 1035–36 (6th Cir. 2004). Because Carter has not adequately argued that the district court abused its discretion during this appeal, we do not address the merits of that claim because it has been waived.

### III.

For the foregoing reasons, we AFFIRM the district court's sentence.