NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0010n.06

No. 18-3304

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 09, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| MAXWELL T. KLYN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____/ | ) | |

Before: MERRITT, GIBBONS, and NALBANDIAN, Circuit Judges.

**MERRITT, Circuit Judge.** Defendant Maxwell Klyn challenges the 12-month upward variance added to his five-year mandatory-minimum sentence for attempt to possess with intent to distribute approximately 109 grams fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Klyn contends that the sentence is substantively unreasonable because the district court gave too much weight to Klyn's role in the opioid crisis, considered "speculative" conduct, did not give sufficient weight to Klyn's own drug addiction, and did not give sufficient consideration to the fact that Klyn had no felony criminal history. Because the district court properly considered all the 18 U.S.C. § 3553(a) factors, its decision to vary upward was not an abuse of discretion and we affirm.

**I.**

The facts are undisputed. Defendant entered into a written plea agreement setting forth the offense conduct described below. The offense conduct was largely corroborated from communication Klyn had with an informant.

In April 2017, defendant ordered approximately 1,000 tablets of fentanyl over the "dark web" from a distributor named "Dopeboy210." The tablets were pressed to appear as if they were each 30 milligrams of oxycodone, but contained fentanyl. Even though the pills were made to look like oxycodone, defendant knew that the substance he was buying was actually fentanyl. Defendant had the package containing the fentanyl sent to an address in Cleveland, addressed to a person with the initials B.B. Klyn ordered the fentanyl tablets with the intent of selling them to raise money to post bond for another person. Postal Inspectors intercepted the parcel and conducted a controlled delivery of the parcel to the Cleveland address. Postal Inspectors placed the parcel in the mailbox and several hours later, B.B., the addressee, picked up the package from the mailbox. On that same day, defendant sent a text message to B.B. asking him to call defendant. On a recorded phone call two days later, Klyn admitted to an informant that he had ordered the fentanyl and admitted to addressing the package to B.B. Klyn also admitted to ordering the package from [Dopeboy210], and, additionally, to ordering "a bunch of packages from him. I ordered, like, four of them." Plea Agreement at ¶ 28.

Based on Klyn's offense conduct and criminal history, his guideline range was 46-57 months. However, Klyn's offense of conviction carried a statutory mandatory minimum sentence of 60 months, which exceeded the guideline range and therefore became the low end of the sentencing range. He was sentenced to 72 months imprisonment, a 12-month upward variance from the mandatory minimum.

**II.**

This court reviews the substantive reasonableness of the sentence imposed for abuse of discretion. *United States v. Richards*, 659 F.3d 527, 549 (6th Cir. 2011). District courts have wide discretion in fashioning sentences. *United States v. Guthrie*, 557 F.3d 243, 256 (6th Cir. 2009). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent 18 U.S.C. § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). In evaluating substantive unreasonableness, the court looks to the totality of the circumstances, including the extent of any variance from the guidelines range. *United States v. Christman*, 607 F.3d 1110, 1118 (6th Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

The district court properly evaluated the nature and circumstances of the offense when imposing Klyn's sentence. In particular, the sentencing judge expressed his concern about several aspects of Klyn's offense conduct. The sentencing judge noted that Klyn knowingly purchased with the intent to sell pills that were made to appear as if they were 30 milligrams of oxycodone when in fact they contained the more dangerous drug fentanyl, which in turn made the pills more dangerous to unsuspecting buyers. Sentencing Tr. at 9-10, 20-21, 25. The judge also took into consideration that Klyn purchased the pills on the so-called "dark web," a source of illegal opioid drugs, and that he had done so on more than one occasion. Klyn claims this finding is speculative and cannot be considered, but he admitted to ordering "a bunch of packages" from a source known as "Dopeboy210." Plea Agreement at ¶ 28.

Klyn also argues that the district court weighed his criminal history too heavily. Klyn does not dispute the accuracy of the history on which the court relied. The court below noted that Klyn's

criminal behavior started at the age of 13, and that he has received "numerous" opportunities to change his behavior but had chosen not to do so. Sentencing Tr. at 24. The fact that Klyn has no felony convictions in his criminal history does not detract from the fact that he has a lengthy criminal history and he has shown little interest in veering from his path of criminal behavior. Criminal history is only one factor considered by the district court when imposing a sentence, and there is no indication in the record that the district court gave unreasonable weight to Klyn's criminal history in imposing the upward variance in his sentence. *See, e.g.*, *United States v. Lanning*, 633 F.3d 469, 474-75 (6th Cir. 2011) (affirming upward variance after considering defendant's criminal history with other factors).

Klyn contends that the district court's consideration of Klyn's role in the opioid crisis is improper. The district court noted that Klyn's conduct contributed to the serious opioid crisis in northeast Ohio, and that drug-trafficking in opioids is a particular threat there. The court also noted that Klyn's sale of opioids burdened law enforcement and the health-care system in the community. Sentencing Tr. at 24. Given this, the court concluded that "it is hard to understate the severity of the crime in question here." *Id.* at 24-25. We have previously stated that such information may be considered under the § 3553(a) factors. *See, e.g.*, *United States v. Robinson*, 892 F.3d 209 (6th Cir. 2018); *United States v. Hubbard*, No. 17-4192, 2018 WL 3699169, at *3 (6th Cir. 2018).

Klyn also argues that the district court did not acknowledge Klyn's own drug addiction problem. The district court did in fact acknowledge Klyn's addiction, but found other factors outweighed Klyn's personal substance-abuse issue. Sentencing Tr. at 23. The court ordered that he receive drug treatment once he is on supervised release. *Id.* at 27.

It is true that the additional 12 months amounts to an increase of 20% over the mandatory minimum sentence of 60 months. But an upward variance is proper when the district court adequately addresses the § 3553(a) sentencing factors and provides a detailed rationale for the variance, as the court did below. We do not find that a sentence of 72 months, incorporating the 12-month upward departure, is substantively unreasonable in this case. *See, e.g., United States v. Jones,* 722 F. App'x 419, 424 (6th Cir. 2018) (upward departure of 50% found substantively reasonable); *United States v. Johnson*, 640 F.3d 195, 209 (6th Cir. 2011) (affirming imposition of a fifteen-month upward departure upon revocation of supervised release to run consecutively to his twelve-year sentence for state convictions).

The district court spent a significant amount of time outlining the nature of Klyn's offense, focusing on the dangerousness to the potential buyers of passing off fentanyl as oxycodone and Klyn's role in perpetuating the opioid crisis. The judge carefully considered all the relevant § 3553(a) factors, and concluded that an upward variance was warranted to protect the public from Klyn's criminal proclivities. The sentencing judge was well within his discretion to impose an upward variance of 12 months over the mandatory minimum of 60 months.

For the foregoing reasons, we affirm the judgment of the district court.