NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0026n.06

No. 24-1247

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff - Appellee, | ) | Jan 22, 2025 |
|  | ) | KELLY L. STEPHENS, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
|  | ) |  |
| KENYATTA ROSHAWN MICKEL, | ) |  |
| Defendant - Appellant. | ) | OPINION |
|  | ) |  |

Before: CLAY, GIBBONS, and STRANCH, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. The district court sentenced Defendant Kenyatta Roshawn Mickel to a statutory maximum of two years for violating the conditions of his supervised release. The applicable guidelines sentence range was six to twelve months. Mickel appeals the district court's sentence based on his argument that the two-year maximum sentence is substantively unreasonable.

Because we find no abuse of discretion, we affirm the district court's sentence.

I.

In April 2018, Mickel pled guilty to conspiracy to possess controlled substances with intent to distribute. These charges arose from a series of incidents in which Mickel and his co-conspirators broke into pharmacies for the purpose of stealing Schedule II controlled substances, including hydrocodone, oxycodone, and Adderall, which they intended to resell. Although it determined that the applicable Guidelines range was 63 to 78 months, the district court imposed a

below-Guidelines sentence of 46 months in prison, followed by a three year term of supervised release.

Mickel's three year term of supervised release began on January 22, 2021 and was set to expire on January 21, 2024.  Four days before Mickel's supervised release was set to expire, the U.S. Probation Office filed a petition for violation of supervised release, detailing three supervised release violations: (i) Mickel's arrest for breaking and entering into a pharmacy on December 11, 2023, (ii) Mickel's failure to report his arrest at the pharmacy to the U.S. Probation Office, and (iii) five positive drug tests for marijuana.

Mickel pled guilty to each of the three supervised release violations.  During the sentencing hearing for Mickel's supervised release violation, his counsel recognized that Mickel's December 11, 2023 breaking and entering into a pharmacy was "the same type of conduct that his original federal case was about."  DE 209, Sentencing Tr., Page ID 964.  He stated that the district court "could be troubled" by this, especially in light of the "prior breaks" the district court had given Mickel when it originally imposed a below-Guidelines sentence of 46 months.  *Id.* Page ID 963–64.  Counsel argued, however, that Mickel would already be punished by the state court for his new offense and that additional jail time would disrupt his attempts to gain full time employment and realize his vocational training as a pipefitter.  *Id.* Page ID 964. Considering Mickel's history, the need for the sentence imposed to provide just punishment and protect the public from further crimes and recognizing that its previous sentence had failed to adequately deter Mickel from repeating the same criminal conduct, the district court imposed the statutory maximum sentence of two years, with no supervised release.

Mickel now appeals the district court's sentence based on his assertion that the two year sentence is substantively unreasonable.

II.

We review a district court's sentence under an abuse of discretion standard, even if the sentence imposed falls outside the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). Although a sentence outside the Guidelines range is not presumptively reasonable, we also "may not apply a presumption of unreasonableness" and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* We may not reverse a district court's sentence merely because we may have determined that a different sentence was appropriate. *Id.* This is because a sentencing judge is "in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Id.* (citation omitted).

Nevertheless, in determining whether a sentence is substantively reasonable, we consider whether the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Abdulmutallab*, 739 F.3d 891, 908 (6th Cir. 2014) (citation omitted). In determining substantive reasonableness in the context of a variance, the underlying question is whether the district court's justification was "sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. The district court's weighing of the § 3553(a) factors itself "is a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018).

III.

On appeal, Mickel only challenges the substantive reasonableness of his two year sentence.[1] According to Mickel, we should remand this case to the district court for resentencing.

---

[1] Mickel does not challenge the procedural reasonableness of his sentence. Therefore, we do not consider the issue on appeal. *See United States v. Layne*, 192 F.3d 556, 566–67 (6th Cir. 1999) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation omitted)).

Mickel's principal argument is his assertion that the district court placed an unreasonable amount of weight on Mickel's original underlying offense conduct and was therefore unduly focused on "retribution," rather than deterrence. CA6 R. 15, Appellant's Br., at 15. Mickel also argues that the district court overlooked his mitigation evidence related to his employment status. We address each argument in turn.

A.

The district court was not unduly focused on "retribution." Based on the relevant § 3553(a) factors, the district court considered the serious nature of Mickel's violations, Mickel's extensive criminal record, and the failure of its previous below-Guidelines sentence to promote respect for the law and adequately deter Mickel from engaging in the same criminal conduct for which he was originally convicted. Mickel repeatedly argues that the district court sought improper "retribution." CA6 R. 15, Appellant's Br., at 15–16. But, in support, Mickel can only marshal the district court's statement that it had earlier given Mickel a "break" and the courts belief, based on the similarity between the crime for which Mickel was initially convicted and his new offense that Mickel would, upon release, "continue to engage in criminal activity and be back here in federal court or back in state court." *Id.* at 15–17 (citing DE 209, Sentencing Tr., Page ID 969–70).

The district court did not abuse its discretion in considering Mickel's original conviction and his potential for recidivism for two key reasons. First, we have held that it is not an abuse of discretion for a district court to impose a sentence with an upward variance "in light of the leniency in trust the court had [previously] extended." *United States v. Johnson*, 640 F.3d 195, 204 (6th Cir. 2011); *United States v. Day*, No. 21-3272, 2022 WL 523564, at *3 (6th Cir. Feb. 22, 2022) (affirming the district court's statutory maximum sentence of two years and noting "the district court's earlier leniency"). The United States Sentencing Guidelines specifically state that an

upward variance may be warranted when the defendant's underlying conduct was sentenced leniently. U.S.S.G. § 7B1.4 n.4. Therefore, consideration of the district court's previous "break" in applying a downward variance for Mickel's original conviction is neither improper nor an impermissible factor for imposing an upward departure from the advisory Guidelines range.

Second, the district court's comments about the likelihood that Mickel would be back in court soon after he was released if the district court showed him leniency again reflect the court's statutorily required consideration of "the need for the sentence imposed." 18 U.S.C. § 3553(a)(2). As the district court specifically noted, Mickel's supervised release violation of breaking into a pharmacy for the purpose of stealing controlled substances was the "[s]ame criminal act" for which he was convicted in 2018. DE 209, Sentencing Tr., Page ID 969. In *United States v. Kirby*, 418 F.3d 621, 628 (6th Cir. 2005), we held that the district court's maximum sentence for a supervised release violation was "more than justified by [the defendant's] repeated transgressions" because the defendant "continued to engage in criminal activities similar to the crime for which she was originally convicted." The same reasoning applies here.

Undeterred, Mickel engaged in the same conduct of breaking into a pharmacy which led to his federal conviction in 2018. On this basis, the district court amply justified its two year maximum sentence when it determined that its previous sentence had failed to promote a respect for the law and failed to deter him from the same criminal conduct. Even though the district court placed more significant weight on Mickel's decision to commit the same offense conduct for which he was originally convicted than on other pertinent factors, its emphasis on a few of the § 3553(a) factors, including deterrence and respect for the law, does not constitute reversible error. *United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020) ("A district court's attach[ing] [of] great weight to a few factors does not constitute reversible error, and inevitably, [n]ot all § 3553(a)

factors are important in every sentencing; often one or two prevail, while others pale." (alterations in original; internal citations and quotations omitted)). District courts routinely weigh certain § 3553(a) factors more strongly than others when imposing sentences, and such statutorily authorized consideration cannot render a sentence improperly retributive.

We hold that the district court properly considered the relevant § 3553(a) factors and provided a sufficiently compelling and specific reason for departing upward.

B.

Mickel further argues that the district court overlooked his mitigation evidence, pointing to the district court's statement that Mickel had a "[n]on-existent employment record." CA6, R. 15, Appellant's Br., at 15 (citing DE 209, Sentencing Tr., Page ID 970). Mickel's counsel stated during sentencing that, "as far as employment, he's only been working part-time, as he's trying to been — trying to kind of resolve these issues or see where he's going to land." DE 209, Sentencing Tr., Page ID 964. At best, Mickel was only employed part-time—and only intermittently. In this context, the district court concluded that Mickel had a "[n]on-existent employment record." *Id.* Page ID 970. The district court did not overlook Mickel's mitigation argument related to his employment status, it simply did not find Mickel's intermittent, part time employment to be the kind of employment record worthy of any considerable weight as mitigation.

Even though the district court's discussion of Mickel's employment status is minimal, "[t]his court has made it clear that a district court need not explain its reasons for rejecting each argument made by a defendant." *United States v. Smith*, 510 F.3d 603, 608 (6th Cir. 2007); *United States v. Humphries*, No. 23-3411, 2024 WL 1134628, at *4 (6th Cir. Mar. 15, 2024) (holding that a district court's brief consideration of defendant's mitigation arguments, "albeit terse," is sufficient to demonstrate that they were not overlooked). A sentencing judge need only "set forth

enough [explanation] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008) (alteration in original) (citation omitted). The district court did not disregard Mickel's mitigation evidence; it considered his mitigation evidence and simply exercised its discretion in declining to attribute it significant weight. The district court did not abuse its discretion merely because it did not accord Mickel's equivocal employment status the favorable weight that Mickel would have preferred.

C.

In fact, the district court's reasoning faithfully adheres to the factors under § 3553(a). In the district court's own words:

> So I've considered your history — history and characteristics, I've considered the need for the sentence imposed to reflect the seriousness of the offense — it is a serious offense — to promote respect for the law, which you don't have, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes by you.

DE 209, Sentencing Tr., Page ID 970. As the record shows, the district court justified the sentence imposed based on its review of the relevant § 3553(a) factors, "adequately explain[ed] the chosen sentence," and provided "an explanation for [the] deviation from the Guidelines range." *Gall*, 552 U.S. at 50–51. The district court did not abuse its discretion in determining that the sentence must reflect Mickel's history and characteristics, § 3553(a)(1), reflect the seriousness of the offense, § 3553(a)(2)(A), promote respect for the law, § 3553(a)(2)(A), provide just punishment for the offense, § 3553(a)(2)(A), afford adequate deterrence to further criminal conduct, § 3553(a)(2)(B), and protect the public from further crimes, § 3553(a)(2)(C).

As this court has made clear, "it is not our task to impose sentences in the first instance or to second guess the individualized sentencing discretion of the district court when it appropriately

relies on the § 3553(a) factors." *United States v. Musgrave*, 761 F.3d 602, 609 (6th Cir. 2014) (quoting *United States v. Davis*, 537F.3d 611, 618 (6th Cir. 2008)). The district court's balancing of the § 3553(a) factors provided a reasoned and sufficient basis for the sentence imposed.

IV.

Because the district court's justification was sufficiently compelling to support the upward variance, the district court did not abuse its discretion in imposing a statutory maximum sentence. We affirm.